```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALBERT B. THORNWELL,
                          Plaintiff,
                                                    06-CV-0783
          v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY
                          Defendant.
_____
```

## **INTRODUCTION**

Plaintiff, Albert B. Thornwell ("Plaintiff"), timely filed this Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(1) ("Rule 60(b)(1)"), on December 22, 2008, asking for reconsideration of this Court's decision to deny Plaintiff's motion for judgment on the pleadings. This Court entered a Decision and Order on December 12, 2008 granting the Commissioner of Social Security's ("Commissioner") motion for judgment on the pleadings, and affirming the decision of the Administrative Law Judge, Raymond J. Zadzilko ("ALJ"), that the Plaintiff was not entitled to Social Security Disability Insurance benefits ("DIB").

For the reasons set forth below, this Court denies the Plaintiff's motion pursuant to Rule 60(b)(1), because the Plaintiff has failed to demonstrate the existence of exceptional circumstances to warrant reconsideration, or that this Court overlooked controlling decisions or data that might reasonably be expected to alter the December 12, 2008 Decision and Order.

## BACKGROUND

Plaintiff filed an application for DIB under Title II of the Social Security Act on August 9, 2004, claiming disability due to degenerative disc disease, asthma, migraine headaches, and a reading disorder. Plaintiff's applications were initially denied, and Plaintiff timely filed a request for a hearing. Plaintiff appear, with counsel, before the ALJ in Buffalo, New York on June 7, 2005. In a decision dated February 23, 2006, the ALJ found that the Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review on September 22, 2006.

On November 30, 2006, the Plaintiff filed this action. Both the Plaintiff and the Commissioner moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In a Decision and Order dated December 12, 2008, this Court denied the Plaintiff's motion for judgment on the pleadings, granted the Commissioner's motion, and affirmed the decision of the ALJ that the Plaintiff was not disabled within the meaning of the Social Security Act. Judgment was entered by the Clerk on December 15, 2008. The Plaintiff now seeks reconsideration of the December 12, 2008 decision.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides in

relevant part that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon the showing of _exceptional_ circumstances." _Mendell v. Gollust_, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), _aff'd_, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." _Shrader v. CSX Transportation, Inc._, 70 F.3d 255 (2d Cir. 1995). A motion pursuant to Rule 60(b) cannot be used to relitigate the issues of the case. _Sevenson Environmental Services, Inc. v. Shaw_

Environmental, Inc., 246 F.R.D. 151, 153 (W.D.N.Y. 2007).

In this case, the Plaintiff claims that the Court did not address the Plaintiff's arguments that the ALJ improperly relied on the testimony of the Vocational Expert and that the ALJ failed to resolve the conflict between the Vocational Expert's testimony and the Dictionary of Occupation Titles ("DOT"). (See Plaintiff's Brief at 2, 4). The Commissioner responds that the ALJ properly considered the Vocational Expert's testimony and that there was substantial evidence in the record to support the ALJ's decision that the Plaintiff could perform work existing in significant numbers in the national economy. (See Defendant's Brief at 3,7).

In the December 12, 2008 Decision and Order, this Court found that the ALJ properly followed the five-step sequential analysis in evaluating the Plaintiff's claim, and that there was substantial evidence in the record to support a decision that the Plaintiff was not disabled within the meaning of the Social Security Act. This Court considered the ALJ's finding at step five of the analysis, that the Plaintiff retains the residual functional capacity to perform a full range of light work and that there are occupations in the national economy that the Plaintiff could perform such as an inspector or an assembler. The ALJ also found that there are jobs at the sedentary level of work that the Plaintiff can perform, including a job as a dowel inspector. The ALJ came to this conclusion after considering the interrogatories and testimony of

the Vocational Expert, Timothy Janikowski.

This Court described the ALJ's five step analysis in the December 12, 2008 Decision and Order, and found that "the ALJ concluded, based on substantial evidence in the record, that the Plaintiff was not disabled within the framework of medical-vocational Rule 202.20." (Decision and Order at 6-7). Therefore, the Plaintiff has failed to demonstrate that there was "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), or that there are exceptional circumstances, controlling decisions, or data, that warrant reconsideration. The Court arrived at its decision within the framework prescribed in 42 U.S.C. 405(g). Accordingly, Plaintiff's motion for reconsideration pursuant to Rule 60(b) is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca  
MICHAEL A. TELESCA  
United States District Judge

Dated:   Rochester, New York  
        April 2, 2009